UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| MARTIN BLUEFORD, | ) | Civ. 12-4015-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER ADOPTING REPORT AND |
| | ) | RECOMMENDATION |
| JORDAN HOLLINGSWORTH, Warden, | ) | AND DISMISSING CASE |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Martin Blueford, filed a pro se motion for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent, Warden Jordan Hollingsworth, responded to Blueford's petition and asked that it be denied. Blueford also filed a motion to amend his petition in which he asked that his petition be construed as a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 rather than as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This court referred the matter to Magistrate Judge John E. Simko for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On April 3, 2012, Magistrate Judge Simko submitted his report and recommended that Blueford's petition be denied. Blueford submitted timely objections to the report and recommendation. Warden Hollingsworth had no objections.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), "when a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of

the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.' " *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Objections must be timely and specific in order to require de novo review by the district court. *Thompson v. Nix*, 897 F.2d 356, 358 (8th Cir. 1990).

## BACKGROUND

Blueford was convicted of distribution of a controlled substance and money laundering in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2 and 18 U.S.C. §§ 1956(a)(1)(A)(i) and (ii). Blueford was convicted in Montana, but he is currently serving his sentence at the Yankton Federal Prison Camp in Yankton, South Dakota. Blueford was sentenced to 180 months' incarceration, followed by five years of supervised release. His projected release date, with good conduct time credit, is January 17, 2013.

Blueford challenges the Bureau of Prisons' decision to release him to a Residential Reentry Center (RRC) for 169 days, beginning on August 2, 2012. Blueford argues that his RRC placement should be for the final twelve months of his sentence.

## DISCUSSION

Blueford first objects to Magistrate Judge Simko's proposed finding that his motion to amend his petition should be denied. Magistrate Judge Simko found that Blueford's petition challenges the execution of his sentence, and as such, it is

properly brought under 28 U.S.C. § 2241. Docket 11 at 1, n.1 (citing *Allen v. Lappin*, No. 09-648, 2009 WL 1210630 at *1 (E.D. Mo. May 1, 2009) (holding that a prisoner's request for placement in community confinement center for final six months of his sentence should be brought under 28 U.S.C. § 2241, not § 1361)). Blueford argues that he is not challenging the execution of his sentence because "the relief sought is to be under the guidelines established in 18 U.S.C. § 3621(b) and in policy # 5330, chapters 2, 4, 8(b), also 42 U.S.C. § 17541, which is firmly grounded in 28 U.S.C. § 1361." Docket 12 at 2.[1]

Mandamus is a "drastic" remedy, only to be invoked in "extraordinary situations." *In re Burns & Wilcox, Ltd.*, 54 F.3d 475, 477 (8th Cir. 1995), *holding limited on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996). A federal court may issue a writ of mandamus only when the requesting party has established a clear and indisputable right to the relief sought, the responding party has a nondiscretionary duty to perform the act in question, and the requesting party has no adequate alternative administrative or judicial remedy. *In re SDDS, Inc.*, 97 F.3d 1030, 1034 (8th Cir.1996). Blueford has not established that he has a "clear and indisputable" right to relief or that Warden Hollingsworth (or the Bureau of Prisons) has a nondiscretionary duty to release him to an RRC for a period of twelve months. Finally, Blueford has an adequate alternative judicial remedy. The appropriate avenue for Blueford's challenge to his placement is a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Allen*, 2009 WL

---

[1] Blueford also cites *Carroll v. Hobbs* in support of his argument. Due to the incomplete citation, however, the court was unable to locate *Carroll v. Hobbs*.

1210630 (holding that a writ of habeas corpus pursuant to 28 U.S.C. § 2241, rather than a writ of mandamus pursuant to 28 U.S.C. § 1361, was the appropriate vehicle to challenge the length of a prisoner's placement in an RRC), *Pinto v. Menifee*, No. 04-5839, 2004 WL 3019760 at *3, n.2 (S.D.N.Y. Dec. 29, 2004) (same). Thus, Blueford's objection is overruled.

Blueford next objects to "the Honorable Magistrate Judge['s] conclusion that the movant's view of Residential Reentry Centers (RRCs), is an entitlement, and that the movant is demanding a placement of 12 months[.]" Docket 12 at 2. Rather, Blueford asserts that "at the time of this action there is not enough time left of [his] sentence to accommodate a 12 month stay in a Residential Reentry Center (RRCs)" and argues that he is asking "to be evaluated by the guidelines established under 18 U.S.C. § 3621[.]" *Id.* Magistrate Judge Simko found that Blueford was evaluated according to the 18 U.S.C. § 3621 factors. *See* Docket 11 at 8 ("Despite [Blueford's] assertion to the contrary, the 18 U.S.C. § 3621(b) factors were clearly considered . . . Blueford's case was considered on an individual basis."). The record supports Magistrate Judge Simko's finding and Blueford has not offered any evidence to the contrary. Thus, Blueford's objection is overruled.

Finally, Blueford objects to Magistrate Judge Simko's conclusion that the BOP properly considered the factors set forth at 18 U.S.C. §§ 3621(b) and 3624(c) in his individual assessment. Docket 12 at 3. Specifically, Blueford contends that when his request that his supervision be transferred to his home district was denied, his residential re-entry needs changed. *Id.* Because of this change,

Blueford argues that "it is clear that [two factors] were not followed, (1) the resources of the facility and (2) the history and characteristics of the prisoner." *Id.* But an inmate is not entitled to a full-blown analysis of the § 3621 factors when a placement decision is made. *See Miller v. Whitehead*, 527 F.3d 752, 757 (8th Cir. 2008). Thus, Blueford's objection is overruled. Therefore, it is

ORDERED that Blueford's objections (Docket 12) to the report and recommendation are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 11) is adopted in full, Blueford's petition is denied, and this case is dismissed.

Dated May 30, 2012.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE